NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 251111-U

NO. 4-25-1111

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
February 23, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| In re A.A., a Minor | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | Peoria County |
|     Petitioner-Appellee, | ) | No. 23JA81 |
|     v. | ) | |
| Elijah C., | ) | Honorable |
|     Respondent-Appellant). | ) | David A. Brown, |
| | ) | Judge Presiding. |

JUSTICE LANNERD delivered the judgment of the court.
Justices Knecht and Vancil concurred in the judgment.

**ORDER**

¶ 1     *Held*: The appellate court granted appellate counsel's motion to withdraw and affirmed, concluding no issue of arguable merit could be raised on appeal.

¶ 2     In September 2025, the trial court found respondent father, Elijah C., unfit and unable to parent his minor daughter, A.A. (born in April 2023). See 750 ILCS 50/1(D)(p) (West 2024). The court appointed counsel to represent respondent, he appealed, and appellate counsel filed a motion to withdraw, which the record shows was served on respondent. On our motion, this court granted respondent until December 26, 2025, to file additional points and authorities. No response was filed. After examining the record and executing our duties consistent with *Anders v. California*, 386 U.S. 738 (1967), and *In re S.M.*, 314 Ill. App. 3d 682 (2000), we grant appellate counsel's motion and affirm the court's judgment.

¶ 3                         I. BACKGROUND

¶ 4        In February 2022, before A.A. was born, respondent was declared partially incapacitated and totally disabled. This was based on a finding respondent had significant mental health and cognitive limitations. Accordingly, respondent's grandmother was court appointed as his guardian.

¶ 5        In May 2023, before respondent's identity as A.A.'s father was known, the State filed a petition to adjudicate A.A. neglected pursuant to section 2-3(1)(b) of the Juvenile Court Act of 1987 (Act) (705 ILCS 405/2-2(1)(b) (West 2022)) because her mother, Jamiya H.—who had a history of mental illness, was found unfit in three previous juvenile proceedings, and lacked stable housing—was hospitalized in a psychiatric unit. (Jamiya H. is not a party to this appeal.) In September 2023, A.A. was adjudicated neglected, and the trial court found it was in A.A.'s best interests to be made a ward of the court, with the Illinois Department of Children and Family Services (DCFS) having guardianship. Almost two years later, the court entered an order establishing parentage, which named respondent A.A.'s father.

¶ 6        Thereafter, a dispositional report was prepared. It revealed respondent and Jamiya H. met at a psychiatric treatment facility and conceived A.A. Respondent was unemployed, had a ninth-grade education, and suffered from many learning disabilities. He also was diagnosed with bipolar disorder and schizophrenia, which resulted in his admission to a psychiatric hospital several times and prohibited A.A. from meeting him because he was in treatment on scheduled visitation days. Although respondent was willing to parent A.A., the assigned caseworker determined respondent's mental health challenges, limited education, and unemployment made him unfit and unable to parent her.

¶ 7        In September 2025, the trial court held the adjudicatory and dispositional hearings. Neither respondent nor his grandmother appeared. After the State gave a proffer outlining

Jamiya H.'s unresolved mental health issues, previous unfitness findings, and lack of stable housing, the parties, including respondent's attorney, stipulated to the finding of neglect.

¶ 8       At the dispositional hearing held immediately thereafter, respondent's attorney asked for a continuance because neither respondent nor his grandmother were in court. The trial court learned respondent's attorney and the caseworker gave both respondent and his grandmother notice of the hearing and the caseworker reminded them of the hearing the day it was held. The caseworker told the court they said they would appear at the hearing via Zoom, and the caseworker said she texted them a link. Based on this, the court denied the request for a continuance. The court observed the Zoom link would remain open and respondent and his grandmother would be able to participate should they appear. They never did.

¶ 9       Proceeding with the dispositional hearing, the trial court stated it received and reviewed the dispositional report, which did not need to be corrected or updated, and heard the caseworker's testimony about services for respondent. The court found respondent's mental health and cognitive delays made him unfit and unable to parent A.A. Thus, it concluded it was in the best interests of A.A. to remain a ward of the court, and it outlined a reasonable dispositional plan for respondent, which would accommodate where he lived and not overwhelm him given his conditions.

¶ 10      This timely appeal followed.

¶ 11                              II. ANALYSIS

¶ 12      On appeal, appellate counsel moves to withdraw, asserting, "After a thorough review of the record and applicable law, counsel concludes that any appeal on behalf of [respondent] would be frivolous and patently without merit under *Anders* *** and [*S.M.*]" Consistent with *S.M.*, counsel (1) included with his motion a memorandum, which cited matters

in the record arguably supporting the appeal; (2) identified issues which could be raised on appeal and explained why those issues lacked arguable merit; (3) concluded the case lacks any viable grounds for appeal; and (4) attached to his memorandum transcripts from the adjudicatory and dispositional hearings. *S.M.*, 314 Ill. App. 3d at 685.

¶ 13    Counsel submits it would be frivolous to argue errors were made in (1) adjudicating A.A. neglected, (2) finding respondent unfit and unable to parent A.A., and (3) denying respondent's trial counsel's motion for a continuance. We agree this appeal presents no nonfrivolous issues.

¶ 14    The Act contains a two-step process for removing a minor from the custody of his or her parents and making the minor a ward of the court. *In re Z.L.*, 2021 IL 126931, ¶ 58. The first step is to hold an adjudicatory hearing to determine whether the minor is abused, neglected, or dependent. 705 ILCS 405/2-18(1) (West 2024); *Z.L.*, 2021 IL 126931, ¶ 59. A court may find a minor neglected even if the parents are not both neglectful. See *Z.L.*, 2021 IL 126931, ¶ 59 (" 'The only question to be resolved at an adjudicatory hearing is whether or not a child is neglected, and not whether every parent is neglectful.' ") (quoting *In re Arthur H.*, 212 Ill. 2d 441, 467 (2004)). The State must prove its allegations by a preponderance of the evidence. *Id.* ¶ 61. We may reverse a finding of neglect only if it is against the manifest weight of the evidence, which means "the opposite conclusion is clearly evident." *Id.*

¶ 15    Here, the adjudication of neglect was based on Jamiya H.'s actions, which is proper. A.A. was adjudicated neglected because Jamiya H. suffered from mental health issues, was admitted to a psychiatric hospital for treatment, was previously found unfit, and lacked stable housing. Any argument the trial court should not have adjudicated A.A. neglected based on these facts would be without arguable merit. See *In re Tyianna J.*, 2017 IL App (1st) 162306, ¶ 54

(finding the respondent's ongoing mental health issues and parenting deficiencies with respect to the minor's siblings supported a finding of anticipatory neglect at the adjudicatory hearing).

¶ 16        Having addressed A.A.'s adjudication of neglect, we next consider whether the trial court should have found respondent unfit and unable to parent A.A. If the trial court determines at the adjudicatory stage that the minor is abused or neglected, the court then moves to the next step of the procedure set forth in the Act, which is the dispositional stage. *Z.L.*, 2021 IL 126931, ¶ 60 (citing 705 ILCS 405/2-21(2) (West 2018)). "At the dispositional hearing, the trial court determines whether it is consistent with the health, safety, and best interests of the minor and the public that the minor be made a ward of the court." *Id.* "Prior to committing a minor to the custody of a third party, such as DCFS, a trial court must first determine whether the parent is unfit, unable, or unwilling to care for the child." *In re M.M.*, 2016 IL 119932, ¶ 21 (citing 705 ILCS 405/2-27(1) (West 2012)). At the dispositional hearing, "[a]ll evidence helpful in determining these questions, including oral and written reports, may be admitted and may be relied upon to the extent of its probative value, even though not competent for the purposes of the adjudicatory hearing." 705 ILCS 405/2-22(1) (West 2024); see *In re M.D.*, 2022 IL App (4th) 210288, ¶ 63 ("Essentially, there are no rules of evidence governing what the court may receive and consider at the dispositional hearing.").

¶ 17        The State bears the burden of proving unfitness at a dispositional hearing by a preponderance of the evidence. *In re K.E.S.*, 2018 IL App (2d) 170907, ¶ 51. "We will not reverse a trial court's finding of unfitness, unless it is against the manifest weight of the evidence." *Id.* Again, "[a] decision is against the manifest weight of the evidence only if the opposite conclusion is clearly apparent." *Id.*

¶ 18        Here, our review of the record shows that no nonfrivolous argument can be made

that the trial court erred in finding respondent unfit and unable to care for A.A. and setting out a reasonable dispositional plan. The evidence indicated respondent's grandmother had guardianship of respondent because he had significant mental health issues and learning disabilities, limited education, and no employment. Because respondent is not able to care for himself, he certainly cannot care for A.A. See *In re Joseph J.*, 2020 IL App (1st) 190305, ¶ 30 (noting that a "finding of inability is an independent and sufficient basis to support the court's judgment"). The court's dispositional plan accommodated respondent's limitations. Accordingly, any argument the court erred in finding respondent unfit and unable to care for A.A. and setting out an appropriate dispositional plan would also lack arguable merit.

¶ 19 Turning to the issue of whether the trial court should have denied respondent's trial attorney's motion for a continuance, we observe a "[r]espondent does not have an absolute right to a continuance in proceedings pursuant to the *** Act." *In re S.W.*, 2015 IL App (3d) 140981, ¶ 32. "In proceedings pursuant to the Act, the determination whether to grant a continuance is left to the discretion of the trial court." *Id.* "We will not overturn the trial court's decision absent manifest abuse or palpable injustice." *Id.*

¶ 20 Given respondent was represented by counsel, respondent and his grandmother were given notice of the hearing, reminded of the hearing the day it was held, indicated the day of the hearing they would join the hearing via Zoom, and were sent a link to participate in the hearing, we agree with appellate counsel that any argument error arose when the trial court did not grant respondent's attorney a continuance would be without arguable merit.

¶ 21 As a result, we agree with appellate counsel there is no meritorious argument to be raised on appeal.

¶ 22 III. CONCLUSION

¶ 23　　　　　　For the reasons stated, we grant appellate counsel's motion to withdraw and affirm the trial court's judgment.

¶ 24　　　　　　Affirmed.